UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHONDA SEGEREN SINGLETON,

    Plaintiff,

v.                                            Case No: 8:12-cv-2641-T-30TGW

AUTOZONERS LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Dispositive Motion for Summary Judgment and Incorporated Memorandum in Support of Motion (Dkt. #26) and Plaintiff's Response in Opposition to the Motion (Dkt. #48), Defendant's Reply Memorandum in Support of Defendant's Dispositive Motion for Summary Judgment and Incorporated Memorandum in Support of Motion (Dkt. #54), and Plaintiff's Supplemental Response, Supporting Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Dkt. #58) and Defendant's Reply to Plaintiff's Supplemental Response (Dkt. #61). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

*Background*

Plaintiff Shonda Singleton ("Singleton") filed this cause of action against Autozoners, LLC ("Autozone") claiming that she was constructively discharged, denied promotions, and denied equal pay in violation of the Florida Civil Rights Act ("FCRA").

She also brings a claim for disparate pay under the Equal Pay Act ("EPA"). In August 2009, Singleton began her employment with Autozone as a Customer Service Representative ("CSR"). Plaintiff started as a part-time employee and earned $8.50 per hour. Plaintiff was later transferred to another store where she worked under a different Store Manager, Tom Williams.  On February 14, 2010, Plaintiff was promoted to Parts Sales Manager ("PSM").  Plaintiff requested a raise to $10.00 per hour, but only received $9.40 per hour. Plaintiff received a total of five corrective actions during her time at Autozone. But she also received a pay raise to $9.94 in October 2010, and a satisfactory performance review.

Plaintiff spoke to Williams on several occasions regarding her desire to become a Store Manager. She also expressed her interest to David Hines, the Regional Human Resources Manager for Central Florida, regarding her interest. Williams trained Singleton on managerial duties. When Williams was absent from work for a period of time, Singleton performed some of the Store Manager duties in his absence, including writing schedules, reviews, and reconciliations. It was part of a PSM's duties to fill in during a Store Manager's absence. Williams eventually left the store, and his position became available. Autozone did not advertise for the position, nor did it post the opening internally.  In May 2011, Autozone hired an outside person, Richard Mahan, as the Store Manager. Singleton assisted in training Mahan.  Singleton and Mahan had several disagreements regarding store policies and procedures. Plaintiff requested a transfer to another store, which Hines denied. Plaintiff then submitted her resignation on July 17, 2011.

*Discussion*

Autozone claims that Singleton has not established a prima facie case for discrimination in pay under the Equal Pay Act or the Florida Civil Rights Act because she compared her pay in her deposition to two subordinate employees; this theory of the case differed from the allegations in her complaint. Autozone argues that these two employees are not "similarly situated" to her. As a result, Autozone requests that Singleton pay its costs and attorney's fees incurred in defending against the claim. To the extent that Singleton now argues that her claim is based on the discrepancy in pay between herself and other PSMs, Autozone objects to her "radically alter[ing] the nature of her pay discrimination claims at this late juncture...after the close of discovery." In any event, Autozone maintains that Singleton's new theory of the case does not establish a prima facie case, and to the extent that it does, Singleton does not present evidence of pretext and therefore fails to meet her ultimate burden of proof.

Autozone further argues that Singleton fails to present a prima facie case of constructive discharge. Singleton concedes this point, and therefore, the constructive discharge claim will be dismissed. Lastly, Autozone argues that Singleton has not established a prima facie case for her failure to promote claim because she has not provided any evidence that she qualified for the Store Manager position or that less qualified males were promoted.

    **I.**    **Motion for Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id*. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. *Id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co*., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

*Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## II.     Plaintiff's Equal Pay Act Claims

To establish a prima facie case under the Equal Pay Act, 29 U.S.C. § 206, a party must show that "the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." *Steger v. Gen. Electric Co.*, 318 F.3d 1066, 1077–78 (11th Cir. 2003) (quotations omitted). Once the plaintiff presents a prima facie case, the employer may avoid liability by proving by a preponderance of the evidence that the pay differences are based on "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) ... any other factor other than sex." *Id.* at 1078 (citing 29 U.S.C. § 206(d)(1)). The employer bears the burden of proof for these affirmative defenses. *Price v. Lockheed Space Operations Co.*, 856 F.2d 1503, 1505 (11th Cir. 1988). The burden is a "heavy one." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 590 (11th Cir. 1994), cert. denied, 513 U.S. 919, 115 S.Ct. 298, 130 L.Ed.2d 212 (1994). The "defendants must show that the factor of sex provided no basis for the wage differential." *Id*. If the employer meets this burden, "the plaintiff must rebut the explanation by showing with affirmative evidence that it is pretextual or offered as a post-event justification for a gender-based differential." *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995).

Autozone argues that Singleton's unequal pay claims, as established in her deposition testimony, is based on comparing her wages as a PSM to two subordinate employees Larry Bryant and John Zipperer; therefore those employees were not "similarly situated" to Singleton and the claim should be dismissed. Autozone further argues that the two employees made less as customer service representatives than she did as a PSM at $9.40 per hour, therefore the evidence does not support her claim.

However, the evidence also shows that Larry Bryant, once promoted to the position of PSM, earned $10.75 per hour and later received increases up to $11.18 per hour as compared to Singleton's highest wage as a PSM at $9.94 per hour. Although Bryant was hired and promoted at a different store, he eventually worked at the same store as Singleton in the same position and performed similar duties since all PSMs have the same job duties and responsibilities.

Further, Singleton produced evidence showing not only that she was paid less than Bryant as a PSM, she was the lowest paid and only female PSM at her store. In addition to Bryant, Singleton identified four additional male PSMs who were paid a higher wage. Edd Allen, Brant Phillips, Michael Rivas and Daniel Singleton all made over $10 per hour as PSMs. Further, the evidence shows that when Singleton worked as a CSR, she was one of three females in her district in that position, and nineteen males in the same position earned more than she did. These facts are sufficient to establish a prima facie case of a violation of the EPA. Therefore the burden shifts to Autozone to show by a preponderance of the evidence that the pay disparity was not based on sex.

Autozone argues that Singleton should be bound by her deposition testimony which only identified Bryant and Zipperer as comparators. However, at the summary judgment stage, the non-moving party may use affidavits, depositions, and answers to interrogatories to show a genuine issue for trial. *Warrior Tombigbee Transp. Co.*, 695 F. 2d at 1296. Singleton derived this information from Autozone's supplemental responses to interrogatories, which it served after it filed its Motion. Autozone had notice that Singleton sought this specific information before it filed its Motion; but it chose not to address the possibility of other comparators in its Motion. It cannot now claim that Singleton should be denied an opportunity to use this evidence to oppose summary judgment.

Generally, Autozone relies on the "any other factor other than sex" defense regarding the pay disparity. In the Eleventh Circuit, the court has held that factors other than sex can include "unique characteristics of the same job; ... an individual's experience, training or ability; or ... special exigent circumstances connected with the business." *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1571 (11th Cir. 1988), cert. denied, 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988); *Irby*, 44 F. 3d at 955-56 (an individual's experience and prior pay as well as training or ability or exigent circumstances connected with the business can all constitute factors other than sex to explain pay disparities); *Lawson-James v. City of Atlanta*, 485 Fed. Appx. 374; 376-77 (11th Cir. 2012) (upholding district court's holding that factors such as experience, education and knowledge constitute legitimate factors other than sex). Autozone argues that the difference in pay between male and female employees has to do with the

individual employee's knowledge, skills and abilities. Further, disparities between male and female employees' wages are partially due to the male employees starting at a higher rate of pay based on their experience, negotiations for pay, and the store manager's recommendation.

As for the pay disparity with Singleton's initial comparator Bryant, Autozone claims that he received a higher wage because he was hired and promoted at a different store, and subject to a different decision maker regarding initial pay, pay increases and promotion. Autozone presents evidence that Bryant had more management and automotive experience than Singleton and possessed an "Automotive Service Excellence" or "ASE" certification, and therefore he was hired at a higher wage. Further, he initially requested $10 per hour on his employment application, and Singleton only requested $8 per hour which Autozone claims also contributed to his higher starting wage. Autozone has met its burden in showing a factor other than sex contributed to the difference in pay between Bryant and Singleton.

As to the higher wages for Allen, Phillips, Rivas, and Daniel Singleton, Autozone presented the declaration of Hines, the Regional Human Resources Manager, which states that all of them had greater tenure and experience with the company than Plaintiff; Rivas and Mr. Singleton had more management experience before receiving the PSM position (either with Autozone or another company); and Rivas had more automotive experience. These undisputed facts are sufficient to show another factor besides sex for the disparity in pay between Singleton and her comparators. As for the higher wages of the nineteen CSRs who earned more than Singleton, Autozone asserts that there is no

8

evidence that any of those males are comparators, and even if they are, the same factors explain the disparity in pay, the recommendation of the Store Manager based on the employee's knowledge, skills and abilities. Sixteen of the male CSRs paid more than Singleton were hired at a different store, and therefore subject to different decision makers. As to the three men hired at her store, but not necessarily by the same Store Manager, they had more management and automotive experience than Singleton.

It is now Singleton's burden to show that the factors articulated by Autozone regarding the other PSMs and CSRs' higher wages are mere pretext. Singleton indicates that Autozone's explanations are mere "post-event justifications" and to the extent that they are not, Autozone has not proffered any evidence that the comparators had enough automotive, retail and managerial experience to justify a higher rate of pay than Plaintiff. To the contrary, Autozone produced Bryant's employment application showing five years of management experience, automotive experience and an "ASE certification" in automotive parts. Singleton's application indicates that she had 3-5 years of managerial experience, no automotive experience, and no ASE certification. Hines's Declaration summarizes the additional experience the other PSMs had before and at Autozone based on the company's business records. Singleton presents no evidence to rebut the factors regarding the other comparators.

Singleton's arguments are not sufficient to show pretext. Singleton has not rebutted Autozone's evidence; she has to show that she had similar or more experience than Bryant and the other PSMs in her store. *See Irby*, 44 F.3d at 956 (plaintiff failed to show pretext where she did not show that "she had equal or more experience" than her

9

comparators.) Therefore, Autozone has sufficiently shown, by a preponderance of the evidence, that it had another factor other than sex to explain the difference in pay between Singleton and her comparators.

Singleton further argues that Autozone does little to nothing to ensure that male and female employees are paid equally for equal work. Its Regional Human Resources Manager did not review compensation of managers and non-managers to determine if any pay discrepancies existed between males and females, nor did he suggest that the company perform an audit related to pay. Further, Singleton argues that since she was the most senior PSM, had more responsibility in the store in the Store Manager's absence, and assisted in training Mahan in the basic operations of the store, she should have received higher wages.

However, the plaintiff must show that the proffered reasons were pretextual by showing that there are "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted). Singleton's arguments regarding pretext do not show that Autozone's proffered reasons have any of these characteristics. Therefore, Autozone has met its burden in showing a "factor other than sex" for the disparity in pay with Singleton and Singleton has not met its burden and shown that these reasons are pretext. Therefore, the Court will grant summary judgment in favor of Autozone on the Plaintiff's EPA claim.

### III. Florida Civil Rights Act Claims

#### a. Gender Discrimination in Compensation

The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, ("FCRA") Chapter 760, Florida Statutes, because the Florida act was patterned after Title VII. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (citing *Ranger Ins. Co. v. Bal Harbour Club, Inc.,* 549 So. 2d 1005, 1009 (Fla. 1989)). "To state a prima facie case of intentional discrimination in compensation [under Title VII], a plaintiff must establish that (1) she belongs to a [protected class]; (2) she received low wages; (3) similarly situated comparators outside the protected class received higher compensation; and (4) she was qualified to receive the higher wage." *Cooper v. Southern Co.*, 390 F.3d 695, 735 (11th Cir. 2004) overruled on other grounds, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457, 126 S.Ct. 1195, 1197, 163 L.Ed.2d 1053 (2006).

If plaintiff makes a prima facie case under the EPA, she simultaneously establishes facts necessary to go forward on a Title VII claim. *EEOC v. White & Sons Enterps.*, 881 F.2d 1006, 1008 (11th Cir. 1989). But the standard for "similarity" between plaintiff and her comparator in Title VII cases is relaxed. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1526 (11th Cir. 1992).

Once the plaintiff establishes a prima facie case, "the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason" for the employment decision at issue. *Crawford v. Carroll*, 529 F.3d 961, 976 (11th Cir. 2008) (internal quotation marks omitted). The defendant's burden in rebutting the prima facie case is "exceedingly light."

*Perryman v. Johnson Products, Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983). If the employer meets this burden, the plaintiff must show that the proffered reasons were pretextual. *Combs*, 106 F.3d at 1538.

Since Singleton stated a prima facie case under the EPA, she also establishes a prima facie case under the FCRA for discrimination in compensation. Autozone stated factors other than sex to rebut the inference of discrimination in the prima facie case, and since Autozone's burden is much lighter under the FCRA, the evidence that the comparators had more management and automotive experience presents a legitimate non-discriminatory reason for the difference in pay. Singleton relies on the same arguments to establish that these reasons are pretext. For the same reasons stated in Section II, Singleton fails to establish that the reasons for the disparity in pay between herself and the comparators are pretextual**.** Therefore, the Court will grant summary judgment in favor of the Defendant as to the FCRA claim for gender discrimination based on pay.

### b. Constructive Discharge Claim

Plaintiff concedes that she has no evidence to support a constructive discharge claim. Therefore, the Court will grant summary judgment in favor of the Defendant as to the constructive discharge claim.

### c. Failure to Promote Claim

Under the rubric of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), "[t]o establish a prima facie case of discriminatory failure to promote, a plaintiff must prove: (1) that he is a member of a protected class; (2) that he was qualified for and applied for the promotion; (3) that he was rejected; and (4) that

other equally or less qualified employees who were not members of the protected class were promoted." *Denney v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001). Once these elements are established, the defendant has the burden of producing a legitimate, non-discriminatory reason for the challenged employment action. *Id*. If such a reason is produced, a plaintiff then has the ultimate burden of proving the reason to be a pretext for unlawful discrimination. *Id*.

Singleton argues that she was qualified for the Store Manager position that became available when Williams left her store. Autozone did not internally post for the position or advertise the opening. Where an employer does not formally announce a position, but rather uses informal and subjective procedures to identify a candidate, a plaintiff need not show that she applied for the position, but only that the employer had some reason to consider her for the position. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005). Singleton claims that Autozone should have considered her for the Store Manager position because she expressed interest in that position to Williams and Hines. She was also in the process of learning some of the duties associated with a Store Manager position. She did not receive the promotion; rather Autozone hired Richard Mahan, a male from outside the company. Singleton argues that Mahan was less qualified since she managed the store in Williams' absence and trained Mahan when he began.

Autozone argues that Singleton does not present a prima facie case because she presented no evidence that she was qualified for the position or that equally or less qualified males were promoted. Autozone contends that to qualify for the Store Manager position, an employee would need 1) a recommendation from a Store Manager, 2)

13

experience as an Assistant Manager, and 3) demonstrated leadership skills and management experience. The parties dispute whether Singleton received a recommendation for the position from Williams. Plaintiff testified that he told her that he would recommend her for the job; Williams denied that he ever made that statement. Autozone contends that this disparity is not a dispute as to material fact because Singleton's testimony constitutes impermissible hearsay. However, Autozone admits that a recommendation from a Store Manager is one of the qualifications for promotion to Store Manager.

One of the exceptions from the definition of hearsay is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," which is deemed an admission by a party opponent. *See* Fed.R.Evid. 801(d)(2)(D). Thus, statements made by a supervisory official who plays some role in the decision making process are generally admissible. *Zaben v. Air Products & Chemicals, Inc.*, 129 F.3d 1453, 1456 (11th Cir. 1997). Although Williams did not have the authority to promote Singleton, his recommendation played an important role in the decision making process; therefore the statement is admissible.

Further, although Autozone preferred all Store Managers to have experience as an Assistant Manager, its HR manager stated in his declaration that it is "possible for a Parts Sale Manager to be promoted directly to a Store Manager position." Therefore, there is a dispute as to whether being an "Assistant Manager" was an actual prerequisite to becoming a Store Manager. Further, there is evidence that Singleton received training on the Store Manager's tasks and performed at least some of the Store Manager's duties in

Williams' absence and she was the PSM with the most seniority in the store. Singleton argues that she was therefore equally qualified for the Store Manager position as Mahan. Viewing the evidence in the light most favorable to Singleton, the Court concludes that Singleton has established a prima facie case for a failure to promote claim.

Autozone argues that its legitimate non-discriminatory reasons for not promoting Singleton is that she lacked experience as an Assistant Manager, that she did not have the recommendation of a current Store Manager, and she did not have the same quality of management experience as the other candidates. Autozone also points to Singleton's discipline history, and her deception involving her marriage to David Singleton. At the time they married, both were managers in the same store, which Singleton knew was in violation of Autozone's policies. When Williams asked her if she was married to Mr. Singleton, she denied it. As further evidence that Singleton was not discriminated against based on her gender, Autozone points out that it promoted Singleton to the PSM position over another male, John Zipperer, and Williams encouraged her to apply for the PSM position. Further, when Singleton expressed interest in becoming an Assistant Manager, Williams assisted in training her to learn some of the skills needed, but there was not an Assistant Manager position available at her store. Autozone has sufficiently articulated a legitimate non-discriminatory reason.

In response, Singleton argues that she can show pretext by showing general patterns of discrimination by an employer and evidence regarding pay, promotion, or "treatment of other females[s]…by the same managers or individuals who made the pay and promotion decisions with respect to Plaintiff." *Knopfel v. Tech Data Corp.*, 225

15

F.R.D. 263, 265 (M.D. Fla. 2004). Singleton argues that by combining the prima facie case with statistical and circumstantial evidence of discrimination, she can establish pretext. She submits evidence that out of Defendant's 100 stores in the Central Florida region, approximately 3% of all Store Managers are female. In Hines' district, there was not a single female store manager between August 2009 and July 2011. Further Christine Carter, a former female employee who worked for Autozone for almost ten years, testified that it was more challenging for a woman to get promoted into management than a male.

Based on the above, Singleton argues that a reasonable fact finder could conclude that the reasons given by Autozone were not the real reasons for the adverse employment decision. However, this evidence about the gender make up of Store Managers is not probative given that Plaintiff has no evidence of any female who was qualified for a Store Manager position, sought this position, and was denied this position. Ms. Carter's speculation about it being "challenging" to advance is refuted by her own experience as she was promoted to every position she ever sought. Ms. Carter, who held an Assistant Manager position (the position that Hines attested was a prerequisite to being a Store Manager for all internal candidates he promoted to Store Manager) admitted that she never wanted to be a Store Manager. Ms. Carter testified that she never experienced gender discrimination at Autozone.

The Court concludes that Singleton does not raise a genuine issue of material fact as to whether the reasons offered by the defendant are pretextual. Therefore, the Court

will grant summary judgment in favor of Defendant as to Plaintiff's failure to promote claim.

*Conclusion*

The Court concludes that Defendant's Motion for Summary Judgment should be granted in Defendant's favor as to the Plaintiff's Equal Pay Act claim and Florida Civil Rights Act claims for discrimination in pay, constructive discharge, and failure to promote claim. Defendant's request for attorney's fees is denied.

**It is therefore ORDERED AND ADJUDGED that:**

1. Defendant's Dispositive Motion for Summary Judgment and Incorporated Memorandum in Support of Motion (Dkt. #26) is granted.

2. Summary judgment in favor of Defendant is entered as to Plaintiff's Equal Pay Act claim and Florida Civil Rights Act claims for gender discrimination in pay, constructive discharge and failure to promote.

3. The Clerk is directed to enter judgment in favor of Defendant.

4. All pending motions are denied as moot and the Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of November, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-2641 summary judgment.docx